IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Abdiel Palomo | Civil Action No. |
|     Plaintiff | |
| v. | |
| Trans Union, LLC; | |
| Equifax Information Services, LLC; | **JURY TRIAL DEMANDED** |
| And | |
| Ivan Smith Furniture Company, LLC | |
|     Defendants | |

## COMPLAINT

NOW comes the Plaintiff, Abdiel Palomo (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District of Texas and their damages occurred here.

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

6. Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Equifax is reporting consumer credit files on over two million consumers in Texas.

7. Defendant, Ivan Smith Furniture Company, LLC., (hereinafter, Ivan Smith) is a Foreign for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more

consumer reporting agencies about consumer transactions. Ivan Smith is a financial institution actively conducting business in Texas.

## FACTUAL ALLEGATIONS

8.  Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

9.  Defendants are reporting Plaintiff's Ivan Smith Furniture Co, LLC (Ivan Smith) account # 7718**** and World Finance Corporation (World Finance) account # 1455**** Plaintiff's Trans Union and Equifax Credit Reports.

10. Plaintiff's Ivan Smith Account # 7718**** was paid in full on or about 06/27/2015 which brought it current with a $0 balance.

11. Plaintiff's World Finance Account #1455**** was paid in full on or about 11/01/2016 which brought it current with a $0 balance.

12. The debt with Ivan Smith arose from a personal loan. The account was closed on the same day it was paid in full, on 06/27/2015. The last day the account was updated on 06/27/2015, the same day the account was paid in full.

13. The debt with World Finance arose from a personal loan. The account was closed on the same day it was paid in full on 11/01/2016. The last day that the account was updated was on 11/01/2016, the same day the account was paid in full.

14. After the accounts were paid in full, the Trans Union report dated 11/13/2019 continued to report Plaintiff's Ivan Smith account with a "Pay Status: Account 120 Days Past Due Date" and Plaintiff's World Finance account with a "Pay Status: Account 30 Days Past Due Date".

15. After the account was paid in full, the Equifax report dated 07/09/2020 continued to report Plaintiff's Ivan Smith account with a "Pay Status: Not More Than Four Payments Past Due" and Plaintiff's World Finance account with a "Pay Status: Not More Than Two Payments Past Due".

16. Although Plaintiff's accounts were paid in full, Plaintiff's Trans Union report dated 11/13/2019 reported the "Pay Status: Account 120 Days Past Due Date" and "Pay Status: 30 Days Past Due Date". It is impossible and incorrect for accounts that were fully satisfied which brought them current with a "0" balance as of 06/27/2015 and 11/01/2016 to still be reporting as late as of 11/13/2019. Not only are the Ivan Smith and World Finance accounts false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were previously paid in full.

17. Although Plaintiff's accounts were paid in full, Plaintiff's Equifax report dated 07/09/2020 reported the "Pay Status: Not More Than Four Payments Past Due" and "Pay Status: Not More Than Two Payments Past Due". It is impossible and incorrect for accounts that were fully satisfied which brought them current with a "0" balance as of June 01, 2015, and Nov 01, 2016, to still be reporting as late as of 07/09/2020. Not only are the Ivan Smith and World Finance accounts false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were previously paid in full.

18. As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letters to Trans Union (Please see Exhibit A) and Equifax (Please see Exhibit B). On information and belief, after receiving Plaintiff's disputes, Trans Union and Equifax notified Ivan Smith and World Finance of the disputes. As a result of Plaintiff's disputes, Ivan Smith and

World Finance verified the accounts as accurate and instructed Trans Union (Please see Exhibit C) and Equifax (Please see Exhibit D) to continue to report the inaccurate credit information. Trans Union and Equifax continued to report the inaccurate credit information at the instructions of Ivan Smith and World Finance.

19. Since the accounts were last updated on 06/27/2015 and 11/01/2016, the accounts should have reported the accounts' pay status as "Account Paid/Zero Balance". It should have also updated the payment history grid to credit Plaintiff's last and final payment.

20. Nowhere on the account's trade-line's does it report that the accounts are paid in full.

21. The pay status is a significant data field that represents the current condition of the accounts. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. At the time that the accounts were paid and closed, the accounts should have reported with a "Pay Status" data field showing that the accounts were paid. Instead, the accounts are inaccurately reporting as currently "Account 120 Days Past Due Date" and "Account 30 Days Past Due Date" OR "Not More Than Four Payments Past Due" and "Not More Than Two Payments Past Due". Recent delinquencies are more damaging than older delinquencies because they are weighted heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of "Account 120 Days Past Due Date" and "Account 30 Days Past Due Date" or "Not More Than Four Payments Past Due" and "Not More Than Two Payments Past Due" is reporting as if the Plaintiff is currently late on payments, even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance. By continuing to report the accounts as past due, lenders believe that the

consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

22. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Ivan Smith and World Finance accounts as reported by Trans Union, Equifax, Ivan Smith and World Finance to be current past due obligations, thus negatively affecting Plaintiff's credit worthiness.

23. Trans Union and Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

24. Trans Union and Equifax did not provide a good faith investigation into the disputed Ivan Smith and World Finance accounts.

25. Ivan Smith did not provide a good faith investigation into the disputed account of the Plaintiff.

26. World Finance did not provide a good faith investigation into the disputed account of the Plaintiff.

27. Trans Union and Equifax have a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

28. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. This information was furnished by Ivan Smith and World Finance and reported by Trans Union and Equifax, misrepresenting the payment rating and/or status of Plaintiff's accounts, and is currently being reported and reflected upon Plaintiff's credit report,

resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages. Including but not limited to Plaintiff being denied credit and required to pay higher interest rates on loans that were granted.

29. Plaintiff's credit reports, credit information and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by Ivan Smith and World Finance and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

30. As a result of Defendants, Trans Union, Equifax, Ivan Smith and World Finance's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

31. As a result of Defendants conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

32. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

33. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **CAUSES OF ACTION**

34. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

35. This suit is based upon the Defendants violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

## COUNT I-VIOLATION OF THE FAIR CREDIT REPORTING ACT

36. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

37. This suit is brought against all Defendants as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### ***Trans Union's FCRA Violations***

38. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of their accounts via detailed and thorough dispute letter.

39. The dispute was detailed, thorough and informed Trans Union of all the relevant information regarding the inaccuracies of the accounts and provided enough information to show the accounts were being reported inaccurately.

40. Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

41. These accounts were paid off in full, and Trans Union is currently reporting Plaintiff's accounts with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the accounts current. With this type of reporting, Plaintiff will never be able to bring the accounts current.

45. Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the accounts were extremely inaccurate with the information that was provided.

46. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have properly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had

conducted this proper investigation, they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a) Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
> > (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
> > (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
> >
> > (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

47.   Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

48. Plaintiff's accounts were paid in full, but Trans Union continued to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance, after the accounts were paid off and brought current. Trans Union should be reporting the accounts as "paid" and not "past due." These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

(a) Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

49. Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

50. The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Trans Union

11

knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.

### *Equifax's FCRA Violations*

51. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Equifax to reinvestigate the inaccurate reporting of their accounts via detailed and thorough dispute letter.

52. The dispute was detailed, thorough and informed Equifax of all the relevant information regarding the inaccuracies of the account and provided enough information to show the accounts was being reported inaccurately.

53. Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

54. These accounts were paid off in full, and Equifax is currently reporting Plaintiff's accounts with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the accounts current. With this type of reporting, Plaintiff will never be able to bring the accounts current.

55. Equifax was notified and made aware of the specific issues from the dispute letter. It should have been easy for Equifax to determine that the accounts were extremely inaccurate with the information that was provided.

56. The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have properly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted this proper

investigation, they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a) Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
>> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

16 U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
>> (iii) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>>
>> (iv) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

57. Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

58. Plaintiff's accounts were paid in full, but Equifax continued to report the accounts with a late/past due status. If Equifax had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance, after the accounts were paid off and brought current. Equifax should be reporting the accounts as "paid" and not "past due." These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that these accounts were paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

> (b) Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

59. Equifax has been on notice that reporting an account with a $0 balance and a late status is not accurate. Equifax was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

60. The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Equifax

knows this because they were a co-defendant and received an ECF copy of the ruling.

### *Ivan Smith's FCRA Violations*

61.     Defendant, Ivan Smith violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute letter and failing to delete or correct the inaccurate information. After receiving a dispute notice from Trans Union and Equifax, Defendant, Ivan Smith, did not conduct a complete, accurate or reasonable investigation into the disputed issue. Ivan Smith verified the inaccurate information that was disputed from detailed and thorough dispute letters. Ivan Smith should have discovered that the information they are providing the Credit Reporting Agencies was not accurate. Ivan Smith knew of their current faulty reporting because Plaintiff's account was fully satisfied with a $0 balance. Had Defendant, Ivan Smith properly investigated Plaintiff's dispute, they would have corrected the reporting to a paid status. It is impossible for Plaintiff to make "$0" payments to bring their account current. Ivan Smith was made fully aware of the inaccurate reporting and failed to correct or delete the account.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under

   15 U.S.C. §1681s-2(b) reads:

   (1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

   (A) conduct an investigation with respect to the disputed information:

   (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

   (C) report the results of the investigation to the consumer reporting agency;

    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
        (i)    modify that item of information
        (ii)   delete that item of information
        (iii)  permanently block the reporting of that item of information

### ***Third Parties have viewed Plaintiff's Trans Union and Equifax Credit Reports***

62. The Ivan Smith and World Finance accounts that were reported on Plaintiff's Trans Union and Equifax credit reports have been viewed by third parties all to the detriment and loss of the Plaintiff.

63. Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the negative tradeline provided by Ivan Smith and World Finance on Plaintiff's Trans Union and Equifax reports even though Trans Union and Equifax were put on notice of the inaccurate negative reporting through Plaintiff's dispute letters.

64. Plaintiff's credit reports, credit information, and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on their credit report. The inaccurate information furnished by Ivan Smith and World Finance and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

65. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

16

66. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Dated: November 12, 2021

Respectfully Submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032

Telephone: (214) 296-9240
Fax (817) 887-5069
dennismccartylaw@gmail.com