UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ABDIEL PALOMO | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-904-SDJ |
| | § | |
| TRANS UNION, LLC, ET AL. | § | |

# **ORDER**

In January 2025, the Court learned that Plaintiff Abdiel Palomo had failed to serve one of the Defendants—Ivan Smith Furniture Company, LLC ("Ivan Smith")—even though the case was filed over three years ago. *See* (Dkt. #1). The Court therefore ordered Palomo to file proof of service or a verified petition as to Ivan Smith within fourteen days. (Dkt. #28). Because Palomo failed to do so, the Court dismissed Palomo's claims as to Defendant Ivan Smith Furniture Company, LLC. (Dkt. #29).

That same day, the Court ordered Palomo to file an advisory by March 25, 2025, to inform the Court of "whether he plans to continue prosecuting his claims against" the only remaining Defendant—Equifax Information Services LLC. (Dkt. #30). Palomo failed to do so. Therefore, the court finds that this case should be dismissed for want of prosecution. *See Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988)) (recognizing that "[a] district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order."); *see also Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted) (explaining that courts may "sua sponte dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases'").

It is therefore **ORDERED** that the above-captioned case is **DISMISSED without prejudice**. All motions by either party not previously ruled on are hereby **DENIED**.

**The Clerk is directed to close this civil case.**

**So ORDERED and SIGNED this 26th day of March, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE